

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00309-CV

VICTOR FONSECA AND RIG
CLEANERS, LLC

APPELLANTS

V.

PEGGY SUE BISHOP, AS
EXECUTRIX OF ESTATE OF
CHARLES T. BLISH, IN THE RIGHT
OF RIG CLEANERS, LLC, AND THE
ESTATE OF CHARLES T. BLISH,
INDIVIDUALLY

APPELLEE

----------

### FROM PROBATE COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 2013-PR01571-2-A

----------

## MEMORANDUM OPINION[1]

----------

Appellants Victor Fonseca and Rig Cleaners, LLC attempt to pursue a

restricted appeal from the trial court's default judgment in favor of Appellee

---

[1]See Tex. R. App. P. 47.4.

Peggy Sue Bishop, Executrix of the Estate of Charles T. Blish, in the Right of Rig Cleaners, LLC, and the Estate of Charles T. Blish, Individually. The trial court's default judgment was signed March 7, 2014. The notice of restricted appeal was therefore due within six months,[2] that is, by September 8, 2014, or, if accompanied by a motion for extension of time, within six months and fifteen days,[3] that is, by September 23, 2014. Appellants did not file their notice of appeal until September 25, 2014, outside the deadline.

Accordingly, on September 26, 2014, we notified Appellants of our concern that we might not have jurisdiction over the appeal and informed them that unless they or any party desiring to continue the appeal filed with this court a response showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction.[4] In response, Appellants filed a late motion for extension of time on September 30, 2014. Appellee filed an objection and response to the motion, seeking dismissal of the appeal.

"[O]nce the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction."[5] The

---

[2] *See* Tex. R. App. P. 4.1(a), 26.1(c), 30.

[3] See Tex. R. App. 4.1(a), 26.3, 30; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *King v. State*, No. 05–03–00936–CV, 2003 WL 21710523, at *1 (Tex. App.—Dallas July 24, 2003, no pet.) (mem. op.).

[4] *See* Tex. R. App. P. 42.3(a), 44.3.

[5] *Verburgt*, 959 S.W.2d at 617.

times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.[6] Because neither appellants' motion for extension of time nor their notice of appeal was timely filed, we dismiss the motion, and we dismiss this appeal for want of jurisdiction.[7]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  October 16, 2014

---

[6]*See id.* at 617; *see also* Tex. R. App. P. 25.1(b), 26.3.

[7]*See* Tex. R. App. P. 42.3(a), 44.3.

3